UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

JOLENE DUNLAP,

                           Plaintiff,

- against -

355 W. 41ST TAVERN, INC., DAVE SHEERAN, *Individually,* and BOB DOE (the surname Doe being fictitious as the true name is currently unknown), *Individually,*

                           Defendants.

------------------------------------------------------------------------X

Case No.:

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff JOLENE DUNLAP, by and through her attorney, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of Defendants upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978, and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII") and the New York City Human Rights Law, New York City Administrative Code § 8-107, *et. seq*. ("NYCHRL"), and seeks damages to redress the injuries she has suffered as a result of being **Sexually Harassed**, **Discriminated against due to Gender,** and **Retaliated against** by her employer.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over Plaintiff's claims brought under city law pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as it is a judicial district where a substantial part of the events or omissions giving rise to the claims occurred.

## PROCEDURAL PREQUISITES

5.  Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6.  Plaintiff received a Notice of Right to Sue from the EEOC, dated 9/16/2015, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

7.  This Action is being commenced within 90 days of receipt of said Notice.

## PARTIES

8.  That at all times relevant hereto, Plaintiff JOLENE DUNLAP ("DUNLAP") was a resident of the State of New York and County of Kings.

9.  That at all times relevant hereto, Defendant 355 W. 41ST TAVERN INC. ("TAVERN") was a domestic business corporation, duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principal place of business located at 574 Ninth Avenue, New York, NY 10036.

10. That at all times relevant hereto, Defendant TAVERN owns and operates "Tobacco Road" and "Dave's Tavern," both of which are bars located in Manhattan, New York.

11. That at all times relevant hereto, Plaintiff DUNLAP was an employee of Defendant TAVERN.

12. That at all times relevant hereto, Defendant DAVID SHEERAN ("SHEERAN") was an employee of Defendant TAVERN holding the position of "Owner" and "Chief Executive Officer."

13. That at all times relevant hereto, Defendant SHEERAN held and/or exercised supervisory

authority over Plaintiff and had the power to hire, fire and/or directly affect the terms and conditions of Plaintiff's employment.

14. That at all times relevant hereto, Defendant BOB DOE ("BOB") was an employee of Defendant TAVERN holding the position of "Manager."

15. That at all times relevant hereto, Defendant BOB held and/or exercised supervisory authority over Plaintiff and had the power to hire, fire and/or directly affect the terms and conditions of Plaintiff's employment.

16. That at all times relevant hereto, Defendant TAVERN, Defendant SHEERAN, and Defendant BOB are collectively referred to herein as "Defendants."

## MATERIAL FACTS

17. On or about February 21, 2014, Plaintiff DUNLAP began working for Defendants as a "Bartender."

18. The two bars owned and operated by Defendants, Dave's Tavern and Tobacco Road, are located close to each other and Plaintiff DUNLAP worked shifts in both.

19. Throughout her tenure with Defendants, Plaintiff DUNLAP was an exemplary employee, was never disciplined, always received compliments from her customers, and got along well with her co-workers.

20. However, throughout her tenure with Defendants, **Plaintiff DUNLAP was also consistently and continuously sexually harassed and discriminated against by Defendant SHEERAN and Defendant BOB solely due to Plaintiff's gender (female)**, which created an extremely hostile and intimidating work environment.

21. Throughout Plaintiff DUNLAP's tenure, Defendant SHEERAN repeatedly made comments about Plaintiff's breasts. By way of example, at the beginning of Plaintiff's

3

shift at Dave's Tavern, on the Sunday of Memorial Day weekend, on or about May 25, 2014, business at the bar was slow. **Defendant SHEERAN twice instructed Plaintiff DUNLAP to remove her top and stand outside Dave's Tavern in order to attract business.**

22. On or about June 6, 2014, Plaintiff DUNLAP and Defendant BOB were working the same shift at Tobacco Road. Defendant BOB became intoxicated and began to harass Plaintiff with sexually explicit comments. Plaintiff repeatedly asked him to stop.

23. Rather than heeding Plaintiff DUNLAP's requests to control his behavior, **Defendant BOB started loudly announcing to Tobacco Road's customers that the bar would close early so that Plaintiff could "suck his dick."**

24. Mortified at being treated so disrespectfully in the presence of her regular customers, Plaintiff DUNLAP again confronted Defendant BOB, demanding that he stop his vulgar remarks.

25. **Disgracefully, rather than curtailing his behavior, Defendant BOB shouted that if Plaintiff DUNLAP did not comply with his demands for oral sex, he would fire her.** Evidently intent on making sure that everyone heard him, Defendant BOB then went around the bar loudly repeating his threat to terminate Plaintiff's employment if she did not perform oral sex on him.

26. Plaintiff DUNLAP demanded that Defendant BOB stay away from her, and the bar's bouncer, identified by Plaintiff as "Kels," asked Defendant BOB to leave the premises. Then, seeing how anxious and distraught Plaintiff DUNLAP had become, Kels closed the bar to give Plaintiff a chance to recover. The bar remained closed for the rest of that night and two of Plaintiff's regular customers, identified by Plaintiff as "Chris" and

4

"Tiajuana," remained with Plaintiff until she had calmed down and felt well enough to go home.

27. Later that same night, on or about June 6, 2014, Plaintiff DUNLAP attempted to contact Defendant SHEERAN, to complain about the incident with Defendant BOB, but she was unable to reach him.  **However, the following day, on or about June 7, 2014, Plaintiff DUNLAP received a message from Defendant SHEERAN informing Plaintiff that her employment was being terminated for causing "issues."**

28. Several days later, in or about the second week of June 2014, Defendant SHEERAN asked Plaintiff DUNLAP to come back because he needed her to work a shift.  Plaintiff agreed to do so.  During that shift, Plaintiff was informed by one of her regular customers that Defendant SHEERAN had told him the only reason he (Defendant SHEERAN) had brought Plaintiff back was because he feared being sued over the June 6, 2014 incident.

29. After bringing Plaintiff DUNLAP back for that one shift, Defendant SHEERAN refused to communicate with Plaintiff and never returned any of her calls, effectively terminating her employment.

30. **As such, it is absolutely clear that Plaintiff DUNLAP was retaliated against by Defendants on the basis that she objected to, and had complained about, Defendant BOB's unwanted and unwelcome sexual advances.**

31. The foregoing are just some of the instances of sexual harassment complained about by Plaintiff.

32. As a result of the foregoing, Plaintiff DUNLAP was subjected to an unlawful hostile work environment and was discriminated against on the basis of her gender, which interfered with her ability to perform her job.

33. Plaintiff DUNLAP has felt and continues to feel offended, disturbed, and humiliated by the unlawful discrimination she has suffered at the hands of Defendants.

34. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

35. As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

36. As a result of the acts and conduct complained of herein, Plaintiff DUNLAP has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.  Plaintiff further experienced severe emotional and physical distress.

37. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of the Court.

38. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.  As such, Plaintiff demands Punitive Damages as against Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION
<u>FOR DISCRIMINATION UNDER TITLE VII</u>
<u>(Not Against Individual Defendant)</u>**

39. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

40. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, for relief based upon the unlawful employment practices of the above-named Defendant.  Plaintiff complains of Defendant's

violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender.

41. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 2000e, *et. seq.*, by discriminating against Plaintiff because of her gender.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
## (Not Against Individual Defendant)

42. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

43. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to ... discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

44. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e, *et. seq.*, by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendant.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

45. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

46. The New York City Administrative Code § 8-107(1) provides that "It shall be an

7

unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

47. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her gender.

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

48. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

49. The New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer ... to discriminate against any person because such person has opposed any practices forbidden under this chapter ..."

50. Defendants engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code § 8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendants.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

51. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

52. The New York City Administrative Code § 8-107(6) provides that it shall be unlawful

discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

53. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

54. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

55. The New York City Administrative Code § 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

   a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

   b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

      1. the employee or agent exercised managerial or supervisory responsibility; or

      2. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct

9

        where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

    3. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

  c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

56. Defendants violated the section cited herein as set forth.

## JURY DEMAND

57. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*, and the New York City Administrative Code § 8-107, *et. seq.*, in that Defendants sexually harassed Plaintiff and discriminated against her on the basis of her gender, and retaliated against Plaintiff for objecting to Defendants' sexual harassment;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful sexual harassment, discrimination and retaliation and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C.    Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D.    Awarding Plaintiff punitive damages;

E.    Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F.    Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
       September 25, 2015

                                          **PHILLIPS & ASSOCIATES,**
                                          **ATTORNEYS AT LAW, PLLC**

By:    _____/s/_____
       Marjorie Mesidor, Esq.
       *Attorneys for Plaintiff*
       45 Broadway, Suite 620
       New York, New York 10006
       (212) 248-7431
       mmesidor@tpglaws.com

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| To: | Jolene Dunlap<br>60 W. 142nd Street<br>New York, NY 10037 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

RECEIVED SEP 2 2 2015 BY: CH

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2015-01556 | Jessica A. Erdman, Investigator | (212) 336-3749 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice**. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Kevin J. Berry_  09/16/15
Kevin J. Berry,    (Date Mailed)
District Director

Enclosures(s)

cc:
Attn
Director of Human Resources
355 W. 41ST. TAVERN INC.
574 Ninth Avenue
New York, NY 10036

Marjorie Mesidor, Esq.
PHILLIPS & ASSOCIATES
45 Broadway
Suite 620
New York, NY 10006